UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WALTER AMILCAR ALVARADO SAMAYOA (A-Number: 246-934-437),<br><br>Petitioner,<br><br>v.<br><br>WARDEN, Golden State Annex Detention Facility, et al.,<br><br>Respondents. | No. 1:26-cv-04760-KES-SAB (HC)<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS<br><br>Doc. 1 |

Petitioner Walter Amilcar Alvarado Samayoa is an immigration detainee proceeding pro se with a petition for writ of habeas corpus and motion for temporary restraining order. Docs. 1, 2. The Court has previously addressed the legal issues raised by the petition—that those who entered the United States without inspection in circumstances such as petitioner's are subject to 8 U.S.C. § 1226(a), rather than 8 U.S.C. § 1225(b)(2)(A). *See e.g.*, *Crispin M. C. v. Noem*, No. 1:25-CV-01487-KES-HBK (HC), 2026 WL 70553 (E.D. Cal. Jan. 8, 2026); *J.A.C.P. v. Wofford*, No. 1:25-CV-01354-KES-SKO (HC), 2025 WL 3013328 (E.D. Cal. Oct. 27, 2025); *Lepe v. Andrews*, 801 F. Supp. 3d 1104 (E.D. Cal. 2025). The Court set a briefing schedule on the petition and ordered respondents to show cause as to whether there are any factual or legal issues in this case that distinguish it from the Court's prior orders and that would justify denying the petition. Doc. 10.

Respondents argue that this case is distinct because petitioner is subject to 8 U.S.C. § 1226(c)(1)(A) because he was arrested for possession of a controlled substance for sale and for

transporting a controlled substance. *See* Doc. 9 at 1–2; Doc. 11 at 1–2. Section 1226(c)(1)(A) applies to "any alien convicted of, or who admits having committed, or who admits committing acts which constitute the essential elements of . . . a violation of . . . any law or regulation of a State . . . relating to a controlled substance." 8 U.S.C. § 1182(a)(2)(A)(i); *see* 8 U.S.C. § 1226(c)(1)(A). But respondents do not allege petitioner was convicted of any those offenses, nor is there evidence that he admitted to committing any such offenses. *See* Doc. 9 at 15.

Petitioner was convicted of public nuisance in violation of California Penal Code § 370, *see id.*, but respondents fail to provide evidence that petitioner's public nuisance conviction under section 370 constitutes "a violation of . . . [a] law . . . relating to a controlled substance." Section 370 provides: "Anything which is injurious to health, or is indecent, or offensive to the senses, or an obstruction to the free use of property, so as to interfere with the comfortable enjoyment of life or property by an entire community or neighborhood, or by any considerable number of persons, or unlawfully obstructs the free passage or use, in the customary manner, of any navigable lake, or river, bay, stream, canal, or basin, or any public park, square, street, or highway, is a public nuisance." California Penal Code § 370; *see People v. McDonald*, 137 Cal. App. 4th 521, 535 (2006) (explaining that, to determine whether an act constitutes a public nuisance, courts consider "(1) the proscribed act, (2) whether the result of the act interferes with the comfortable enjoyment of life or property, and (3) whether the act affects a sufficient number of persons").[1]

---

[1] Respondents further argue that petitioner should be required to exhaust his administrative remedies by requesting a *Matter of Joseph* hearing to determine whether he is subject to 8 U.S.C. § 1226(c). *See* Doc. 9 at 3–5. At a *Matter of Joseph* hearing, a "detainee may avoid mandatory detention by demonstrating that he is not an alien, was not convicted of the predicate crime, or that the INS is otherwise substantially unlikely to establish that he is in fact subject to mandatory detention." *Demore v. Kim*, 538 U.S. 510, 514 (2003). This exhaustion requirement is prudential rather than jurisdictional, and it may be waived if "administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." *Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017). Here, exhaustion of administrative remedies would be futile because, even if the immigration judge were to determine that petitioner was not subject to mandatory detention under 8 U.S.C. § 1226(c), she would be bound by the BIA's decision in *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025), that mandatory detention under 8 U.S.C. § 1225(b)(2)(A) applies to noncitizens in petitioner's circumstances. *See Lopez Lopez v. Warden*, No. 1:26-CV-

As respondents have not identified any pertinent factual or legal issues in this case that distinguish it from the Court's prior decisions in *Crispin M. C. v. Noem*, No. 1:25-CV-01487-KES-HBK (HC), 2026 WL 70553 (E.D. Cal. Jan. 8, 2026), *J.A.C.P. v. Wofford*, No. 1:25-CV-01354-KES-SKO (HC), 2025 WL 3013328 (E.D. Cal. Oct. 27, 2025), and *Lepe v. Andrews*, 801 F. Supp. 3d 1104 (E.D. Cal. 2025), the petition for writ of habeas corpus is GRANTED, for the reasons stated in those prior orders.

Respondents are ORDERED to provide petitioner Walter Amilcar Alvarado Samayoa (A-Number: [A-Number]) with a bond hearing before a neutral arbiter pursuant to 8 U.S.C. § 1226(a) and its implementing regulations within seven (7) days of the date of this Order. Respondents shall immediately provide petitioner with a copy of this Order and shall provide him with 72 hours' written notice before the bond hearing in a language that he can understand. Petitioner may be represented by an attorney at this hearing, and respondents may extend the deadline at petitioner's request so that he can obtain an attorney. If petitioner obtains an attorney, his attorney shall also be given 72 hours' written notice before the bond hearing. The neutral decisionmaker must consider petitioner's financial circumstances in setting the amount of bond and alternative conditions of release in lieu of detention without bond. If respondents do not provide petitioner with a bond hearing within seven (7) days, then respondents must release him.

The Clerk of Court is directed to close this case and enter judgment for petitioner. The Clerk is directed to serve Golden State Annex with a copy of this Order.

IT IS SO ORDERED.

Dated: July 15, 2026

UNITED STATES DISTRICT JUDGE

---

03556-DAD-CKD (HC), 2026 WL 1346694, at *1 n.1 (E.D. Cal. May 14, 2026) (waiving exhaustion requirement as futile were the government argued that petitioner should be required to exhaust administrative remedies by requesting a *Matter of Joseph* hearing while maintaining that petitioner was subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A)).